.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN BRENDEN HOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-2-GBW |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF STATE DIPLOMATIC | ) | |
| SECURITY SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

John Brenden Hobson, Delaware – *Pro se* Plaintiff

Dylan J. Steinberg, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF DELAWARE, Wilmington, Delaware – Counsel for Defendant United States Department of State Diplomatic Security Service

## **MEMORANDUM OPINION**

July 16, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.    INTRODUCTION

On January 2, 2024, Plaintiff John Brendan Hobson of Hockessin, Delaware, initiated this civil action by filing a complaint *pro se*. (D.I. 1.) Plaintiff subsequently filed an amended complaint. (D.I. 14.) Defendant United States Department of State (DOS) Diplomatic Security Service (DSS) now moves to dismiss the amended complaint for lack of jurisdiction and failure to state a claim. (D.I. 15.) Also pending are five other motions. (D.I. 8, 10, 17, 21, 25.) Defendant's motion to dismiss for lack of jurisdiction will be granted, and the remaining motions will be denied. The amended complaint will be dismissed without prejudice, and Plaintiff will be afforded one final opportunity to amend his pleading.

## II.    BACKGROUND

According to the original complaint, "Plaintiff and Def[endant] entered into a legal mediation to resolve an [Equal Employment Opportunity (EEO)] Complaint by Plaintiff[, which resulted in a settlement agreement between the parties]. Def[endant] has never honored the contract in good faith, nor attempted to execute the terms of the contract." (D.I. 1 at 4.) The parties entered into the agreement in August 2021, and Defendant allegedly breached the agreement in October 2021 by denying Plaintiff a Law Enforcement Officer Safety Act (LEOSA) card and retired DSS credentials. (*Id.* at 6-7.) Plaintiff administratively contested and appealed

1

Defendant's denial unsuccessfully. (*Id.* at 8.) Based on the foregoing, Plaintiff seeks an Order of the Court, requiring Defendant to honor, execute, and fulfill the terms of the settlement agreement; Plaintiff also seeks coverage of costs for pain and suffering, coverage of other costs, fees, and expenses, and any other relief deemed appropriate. (*Id.* at 4, 8.)

Plaintiff subsequently filed an amended complaint. (*See* D.I. 14.) The amended complaint adds that Plaintiff "fulfill[ed] all requirements and demonstrate[ed] eligibility under LEOSA and the [parties'] Contract," and that Defendant's denial "was based on an alleged lack of good standing due to a medical retirement for a combat-related physical injury, which is inconsistent with LEOSA requirements. (*Id.* at 2.) The amended complaint states two causes of action: breach of contract arising from Defendant's denial and failure to issue credentials; and "procedural irregularities" arising from Defendant "issuing the denial without valid justification" and "mischaracteriz[ing] the Plaintiff's medical retirement as grounds for withholding credentials." (Id. at 2.) By way of the amended complaint, Plaintiff seeks the following: "1. A trial by jury"; "2. Judgment against the Defendant for breach of the Contract"; "3. Specific performance by the Defendant to fulfill the agreed-upon terms, including issuing the LEOSA identification card and retired DSS credentials"; "4. Compensation for attorney fees, costs, and related expenses"; and "5. Additional relief as deemed just and equitable by the Court." (*See id.* at 2-3.)

2

Attached to the amended complaint is a copy of the parties' settlement

agreement, which states the following:

> *Within thirty (30) calendar days of Complainant submitting request*
> *form(s)* for a Diplomatic Security Service-issued Law Enforcement
> Officers Safety Act (LEOSA) photographic identification card,
> retirement credentials, and/or retirement media memorabilia to the
> Office Director of Diplomatic Security's Office of Domestic Facilities
> Protection (DS/DO/DFP), *the Agency will process his request in*
> *accordance with LEOSA's requirements,* 18 U.S.C. § 926C, and/or the
> applicable Foreign Affairs Manual (FAM) provision.

(D.I. 14-2 at 6 (emphasis added).)

Also attached to the amended complaint is a copy of a December 2021 letter

to Plaintiff from the DOS Office of Civil Rights. (D.I. 14-5 at 2-3.) The letter states

that Plaintiff "allege[d] that [Defendant] failed to comply with [the parties']

Settlement Agreement and that the Agency did not issue [Plaintiff] the law

enforcement retirement credentials." (*Id.* at 2.) Referencing the above-excerpted

provision of the settlement agreement, the letter concludes that Defendant "is not in

breach" because Defendant "timely processed [Plaintiff's] request" for credentials,

and responded by "stating that [Plaintiff did] not qualify for such credentials,"

because he did "not meet the definition of 'qualified retired law enforcement

officer.'" (*Id.* at 3.)

## III.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).  A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

4

Courts faced with a motion to dismiss pursuant to Rule 12(b)(6) must generally limit their consideration to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.   **DISCUSSION**

The Court accepts and adopts the amended complaint as the operative pleading in this case. (D.I. 14; *see* D.I. 15 (reflecting Defendant's non-opposition).) The Court will dismiss the amended complaint without prejudice for lack of subject matter jurisdiction. In an abundance of caution, Plaintiff will be granted one final opportunity to correct deficiencies in his pleading.

The amended complaint does not establish that Plaintiff's claims fall within this Court's subject matter jurisdiction. An action against the United States cannot be maintained unless the United States waives its sovereign immunity. *United States*

*v. Mitchell (I)*, 445 U.S. 535, 538 (1980). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell (II)*, 463 U.S. 206, 212, (1983). The Tucker Act waives sovereign immunity and grants district courts subject matter jurisdiction for certain contract claims against the government for $10,000 or less. *See* 28 U.S.C. § 1346(a)(2); *see also* 28 U.S.C. § 1491. "The claim must be one for money damages against the United States," *Mitchell (II)*, 463 U.S. at 216, yet the amended complaint does not seek money damages (*see* D.I. 14 at 2-3). As such, the amended complaint does not establish that Plaintiff's claims are within this Court's subject matter jurisdiction.

Additionally, to establish subject matter jurisdiction, "the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Mitchell (II)*, 463 U.S. at 216-217 (internal quotation marks omitted). The amended complaint states "procedural irregularities" as a cause of action, but the source of substantive law is not specified, and without more, it cannot be determined. (*See* D.I. 14 at 2.) As such, regardless of the relief sought, the amended complaint does not establish that claims arising from this cause of action are within this Court's jurisdiction.

6

Regarding the alternative cause of action asserted, the amended complaint fails to state a breach of contract claim arising from Defendants' denial of credentials. The parties agreed that Plaintiff's request for credentials would be processed, "in accordance with LEOSA's requirement, 18 U.S.C. § 926C, and/or the applicable Foreign Affairs Manual (FAM) provision," within thirty days. (D.I. 14-2 at 6.) An agreement to timely and lawfully process Plaintiff's request cannot be construed as an agreement to grant Plaintiff's request, even when construed liberally. In an abundance of caution, Plaintiff will be granted one more opportunity to amend his pleading and state a claim within this Court's subject matter jurisdiction.

## V.    **CONCLUSION**

For the above reasons, the Court will grant Defendant's motion to dismiss. (D.I. 15.) The remaining pending motions will be denied. (D.I. 8, 10, 17, 21, 25.) The amended complaint will be dismissed without prejudice, and Plaintiff will be granted one final opportunity to amend his pleading.

An appropriate Order will be entered.

7